UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 JUN 12  AM 11: 20

CLERK

BY_____

| | | |
|---|---|---|
| **KLEBAN BATTENKILL, LLC,** | ) ) | |
| Plaintiff | ) ) | Docket No. 2:20-cv-86 |
| v. | ) ) | |
| **THE GAP, INC.** | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Kleban Battenkill, LLC, as and for its complaint against The Gap, Inc., states as follows:

### NATURE OF THE CASE

This civil action involves a claim for money damages due to a default on a lease agreement caused by a failure to pay rent.

### PARTIES

1. Kleban Battenkill, LLC ("Kleban") is a Connecticut limited liability company with its principal place of business located in Fairfield, CT.

2. The sole member of Kleban is Wilton Shopping Center, L.P., a Connecticut limited partnership with its principal place of business located in Fairfield, CT.

3. The Gap, Inc. ("The Gap") is a Delaware corporation with its principal business office located in San Francisco, CA.

### JURISDICTION/VENUE

4. Jurisdiction is based on diversity of the parties under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Agreement is a Vermont contract governed by the laws of Vermont.

6. The claims herein arise from events that substantially occurred in Vermont.

7. Venue is based on § 28 U.S.C. section 1391(a).

## THE LEASE

8. Kleban is the owner of the Battenkill Shopping Center in Manchester, VT (the "Property").

9. The Gap leases a portion of the Property from Kleban pursuant to a Lease dated March 29, 2005 and amended May 16, 2011 and March 13, 2013 (the "Lease"). A true and accurate copy of the Lease is attached hereto as **Exhibit 1**.

10. The Lease runs through January 31, 2023.

11. The annual Minimum Rent on the Lease is $260,624 plus a Percentage Rent, CAM charges and taxes.

12. Pursuant to ¶ 23(A)(1) of the Lease, The Gap's failure to pay Rent due within ten (10) days written notice that Rent is overdue constitutes a Default.

13. Pursuant to ¶ 28.15 of the Lease, interest shall accrue at the Default Rate on any Rent due which remains unpaid. The interest shall be calculated from the original due date of the Rent.

14. Pursuant to ¶ 1.19 of the Lease, the Default Rate means Wells Fargo's prime rate for commercial loans plus four percent (4%).

15. Pursuant to ¶ 23.2(B) of the Lease, upon Default, the Landlord may upon five (5) days written notice institute suit to collect Rent and repossess the Property. The Gap shall bear all costs related to repossession of the Property.

16. Pursuant to ¶ 28.13 of the Lease, The Gap shall also be liable to Landlord for its costs and attorney's fees in bringing suit.

17. Pursuant to ¶ 28.12 of the Lease, Vermont Law applies.

## DEFAULT

18.     The Gap is in default of the Lease for failure to pay rent.

19.     Currently, The Gap owes Rent and CAM charges for the months of April, May and June in the amount of $80,754.75.

20.     On or about April 15, 2020, The Gap was placed on Notice of its failure to pay April's rent by letter from Attorney Stephen B. Grozinger. At that time, The Gap was $26,918.12 in arrears. A true and accurate copy of Attorney Grozinger's letter is attached hereto as **Exhibit 2**.

21.     No payments have been received since that time.

22.     By letter dated June 3, 2020 from Attorney Gary Franklin, The Gap was further placed on Notice of Default for failure to pay April's Rent. The Gap was further notified that the Landlord may institute suit within five (5) days from the date of said letter. A true and accurate copy of Attorney Franklin's letter is attached hereto as **Exhibit 3**.

23.     The Gap was further placed on notice that its Rent for May and June in the total amount of $53,836.24 ($26,918.12 per month) was overdue and that failure to bring that Rent current will result in further Default under the Lease.

24.     The Gap has not paid any of its past due Rent.

25.     Rent and other charges under the Lease continue to accrue.

## COUNT I
### (Declaratory Relief)

26.     Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

27.     A justiciable and actual controversy exists as to whether the Lease has been breached by The Gap.

28. A declaration from this Court concerning the rights and obligations of the parties under the Lease is necessary to resolve this controversy and to avoid manifest injustice.

29. By reason of the foregoing, Kleban is entitled to judgment declaring that the Lease has been breached by The Gap.

## COUNT II
### (Breach of Lease)

30. Plaintiff realleges and incorporates by reference each of the prior paragraphs as if fully set forth herein.

31. Pursuant to the terms of the Lease, The Gap is obligated to pay rent.

32. The Gap has failed to pay the full rent for the months of April, May and June in the total amount of $80,754.76.

33. Rent, interest and other charges continue to accrue.

34. Kleban has been damaged and will continue to be damaged by The Gap's failure to pay rent and should it have to incur costs to cover The Gap's obligations under the terms of the Lease

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

  a. A declaration that The Gap is in breach of the Lease;

  b. An award of back rent in an amount to be proven at trial, plus late fees, interest, including Default Interest, and rents that continue to accrue;

  c. An award of actual and consequential damages according to proof at the time of trial.

  d. Reasonable attorney's fees, expenses and costs;

  e. Such other and further relief as the Court may deem just and proper.

Dated at Burlington, Vermont this 12th day of June, 2020.

                              PRIMMER PIPER EGGLESTON & CRAMER PC

By:    */s/ Gary L. Franklin*
        Gary L. Franklin, Esq.
        30 Main Street, Suite 500, P.O. Box 1489
        Burlington, VT  05402-1489
        (802) 864-0880
        gfranklin@primmer.com